UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

TAMER MOHAMED,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

23 Cr. 671 (DLC)

        WHEREAS, on or about December 19, 2023, TAMER MOHAMED (the "Defendant"), was charged in an Information, 23 Cr. 671 (DLC) (the "Information"), with conspiracy to violate the anti-kickback statute, in violation of Title 18, United States Code, Section 371 (Count One);

        WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), of any and all property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

        WHEREAS, on or about December 19, 2023, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), a sum of money in United States currency representing proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $2,000,000 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information the Defendant personally obtained cannot be located upon the exercise of due diligence;

WHEREAS, the Government has identified that the Defendant has an ownership interest in Pillar Real Estate Partners, Inc. ("Pillar");

WHEREAS, Pillar owns the following real properties:

a. 419 Richmond Avenue, Syracuse, New York, with a legal description as follows:

> All that tract, piece or parcel of land, situate in the City of Syracuse, County of Onondaga, and State of New York, known and distinguished as Lot Number twenty-six (26) of Block Number One Hundred Three (103) of the Sackett Tract according to a map of said Sackett Tract made by Rhesa Griffin C.E. and filed in the Onondaga County Clerk's Office July 26, 1895;

b. 121 Richardson Avenue, Syracuse, New York with a legal description as follows:

> All that tract or parcel of land, situate in the City of Syracuse, County of Onondaga, and State of New York, being formerly a part of Lot No. 93, Town of Onondaga, known and distinguished as Lot No. 6, of Block No. 1 of the Hinckley Tract according to a map of said Tract made by John B. Borden, C.E., and filed in Onondaga County Clerk's Office, on the 30 day of August, 1887;

c. 1511 North State Street, Syracuse, New York which is more particularly described as;

> ALL that certain plot, piece or parcel of land, situate, lying and being in the City of Syracuse, County of Onondaga and State of New York, known and described as follows: Beginning at the northwest corner of said lot number two (2) in the southwesterly line of North State Street, formerly Lock Street; thence southerly along the westerly line of said lot number two (2) one hundred

twenty seven (127) feet to a point one hundred nine (109) feet from Basin Street; thence easterly parallel to Basin Street forty-two (42) feet; thence northerly parallel to the westerly line of said lot number two (2) one hundred six (106) feet to North State Street; thence northwesterly along North State Street forty eight and three tenths (48 3/10) feet to the place of beginning;

d. 325 Liberty Street, Syracuse, New York with a legal description as follows:

> ALL THAT TRACT OR PARCEL OF LAND situate in the City of Syracuse, County of Onondaga, and State of New York, being part of Lots Nos. 17, 18 and 20 of Block No. 111 as shown on a revised map of the Sackett Tract filed in the Onondaga County Clerk's Office July 26, 1895, as Map No. 866, bounded and described as follows: Beginning at a point in the westerly line of Liberty Street 192.09 feet north of the northerly line of Park Avenue; thence N 01° 25' 30" E, along the westerly line of Liberty Street, 70.0 feet to a point located 10 feet northerly of the southeast corner of Lot No. 17; thence N 86° 27' 00" W. 125.0 feet; thence S 01° 25' 30" W. 10.0 feet; thence N 86° 27' 00" 13.5 feet; thence S 01° 25' 30" W. 60.0 feet; thence S 86° 27' 00" E. 138.5 feet to the place of beginning;

e. 136 Lakeview Avenue, Syracuse, New York with a legal description as follows:

> All that tract or parcel of land, situate in the City of Syracuse, County of Onondaga and State of New York, known and distinguished as lot number thirty (30) in block number one hundred one (101) formerly Geddes, as shown by a map of the Sackett Farm, made by R. Griffin, C.E., and filed in Onondaga County Clerk's Office, January 19, 1884, said lot being 33 feet front on the north side of Lakeview Ave., and running back by parallel lines 132 feet on the east line and 137.08 feet on the west line, according to said map;

(a. through e., collectively, the "Subject Properties");

WHEREAS, the Defendant agrees to make a payment in the amount of $1,000,000 in United States currency to the Government on or before October 1, 2025 (the "First Payment");

WHEREAS, in lieu of forfeiting the Defendant's ownership interest in Pillar, the Defendant agrees to make a payment in the amount of $1,000,000 to the Government on or before

December 31, 2025 (the "Second Payment", together with the First Payment, the "Payments"); and

WHEREAS, in order to have sufficient funds to make the Second Payment the Government has no objection to the Defendant marketing and selling the Subject Properties;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Matthew Weinberg, of counsel, and the Defendant and his counsel, William Newman, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $2,000,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant TAMER MOHAMED, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. The Defendant shall make the Initial Payment on or before October 1, 2025.

4. The Defendant shall make the Second Payment on or about December 31, 2025.

5. Upon receipt of the Payments, the Government shall deem the Money Judgment to be fully satisfied.

6. During the Payment Schedule period, the Government agrees to not take any action pursuant to Title 21, United States Code, Section 853(p) to satisfy the Money Judgment.

7. In the event, Defendant fails to make the Payments, the Money Judgment shall be due and the United States may take action pursuant to Title 21, United States Code, Section 853(p) up to the entirety of the outstanding Money Judgment, including seeking the forfeiture of the Substitute Assets.

8. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

9. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

10. Subject to the provisions above, pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

11. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

12. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

13. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____        10/1/25
    MATTHEW WEINBERG                         DATE
    Assistant United States Attorney
    26 Federal Plaza
    New York, NY 10278
    (212) 637-2386


TAMER MOHAMED

By: _____        10/1/25
    TAMER MOHAMED                            DATE

By: _____        10/1/25
    WILLIAM NEWMAN, ESQ.                     DATE
    Attorney for Defendant


SO ORDERED:

_____        October 1, 2025
HONORABLE DENISE L. COTE                 DATE
UNITED STATES DISTRICT JUDGE